UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NORADA ENTITIES SECURITIES LITIGATION                    MDL No. 3189


TRANSFER ORDER


**Before the Panel**:[*]  Plaintiffs in the 45 actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Wyoming or, alternatively, in the Central District of California or the Middle District of Florida.  The litigation consists of 45 actions pending in three districts, as listed on Schedule A.  The Panel has been notified of a related action pending in the Central District of California.[1]  Defendants in the District of Wyoming and Central District of California actions,[2] and Themed Str Capital Fund, LLC—a defendant in the Middle District of Florida actions—support centralization in the District of Wyoming.  Defendants Aspire Events, LLC; Collective Equity, Inc.; Andrew Cordle; and Eddie Wilson in the Middle District of Florida actions oppose inclusion of those actions in any MDL.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from an alleged Ponzi scheme operated by Marco G. Santarelli through Norada Capital Management, LLC, and related entities.  Plaintiffs allege that they were fraudulently induced to invest in promissory notes issued by Norada Capital Management, which did not pay the promised returns and interest payments and invested in assets that did not provide the promised safety and security.  They aver that Norada Capital Management sent false balance sheets to investors that inflated assets and hid over $90 million in debt, and that interest payments to investors were made by using other investors' monies in a Ponzi-like fashion.  Plaintiffs further contend that Santarelli and the Norada entities transferred investors' monies to Middle District of Florida defendants Aspire Events, Retail Ecommerce Ventures, and related entities or individuals, who knew or should have known that those monies were the fruit of fraudulent activities.  In October 2025, Santarelli pled guilty to wire fraud and, in

---

[*]  Judge Karen K. Caldwell did not participate in the decision of this matter.

[1]  This and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(i), 7.1, and 7.2.

[2]  Marco G. Santarelli; Norada Capital Crypto Fund I, LLC; Norada Capital Management, LLC; Norada Capital Real Estate Fund I, LLC; Norada Ecommerce Fund I, LLC; Norada Equity, Inc.; Norada Fund Management, LLC; Norada Real Estate Funding, LLC; Norada Theatrical Productions, LLC; and Michael Johnson.

- 2 -

January 2026, he entered into a consent judgment in a civil proceeding brought against him in the Central District of California by the U.S. Securities and Exchange Commission (SEC). The consent judgment, among other things, requires that Santarelli disgorge all ill-gotten gains and pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act.

All actions will share questions of fact regarding, among other things, the formation, structure, and operation of the Norada entities, the roles and knowledge of Santarelli and other individual defendants regarding the operation of the companies, the manner in which the Norada promissory notes were marketed, the extent to which material information was concealed or misrepresented, and whether and how investors' monies were commingled and diverted. Centralization will avoid the risk of duplicative discovery and facilitate coordination with the pending criminal and SEC proceedings against Santarelli.

Defendants in the Central District of California and District of Wyoming actions support centralization, but defendants Aspire Events, Collective Equity, Cordle, and Wilson oppose inclusion of the Middle District of Florida actions in an MDL. They argue that the Florida actions will share few questions of fact or law with the other actions because the Florida defendants had no part in the issuance or marketing of the Norada notes and are alleged to have been involved only in "downstream" activities—*i.e.*, receiving and retaining monies produced by the Norada Ponzi scheme with knowledge that they resulted from illegal activities. They note that the Florida actions involve only Florida-based companies and residents, conduct that took place in Florida, and claims under Florida law. Finally, they contend that transfer would be inconvenient for the Florida parties, and that informal coordination regarding any overlapping discovery would be preferable to centralization.

We are not persuaded by these arguments. Although the Florida defendants' alleged involvement was of a different nature than that of the Wyoming or California defendants, plaintiffs assert that the Florida defendants received and retained monies derived from the Norada scheme with knowledge—or despite clear indications—that they resulted from fraudulent activities. Discovery will overlap as to how the Norada scheme operated; the relationships, roles, and knowledge of the defendants; and whether and how investors' monies moved through the various defendants' accounts. The Florida actions may involve some distinct questions of fact and law but, as we have often explained, "Section 1407 does not require a complete identity or even a majority of common questions of fact to justify transfer, and the presence of additional or differing legal theories is not significant where the subject actions arise from a common factual core." *See In re Air Crash over the S. Indian Ocean, on Mar. 8, 2014*, 190 F. Supp. 3d 1358, 1359 (J.P.M.L. 2016).

The Central District of California is an appropriate transferee district for this MDL. Both the SEC and criminal actions against Santarelli are pending there. Centralization in that district will facilitate coordination between the MDL and the disgorgement and restitution proceedings in those actions. We assign the litigation to Judge Michelle Williams Court, a capable jurist who has not yet had the opportunity to serve as a transferee judge. We are confident that she will manage the litigation in a prudent and efficient manner.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Michelle Williams Court for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Matthew F. Kennelly
Acting Chair

David C. Norton            Dale A. Kimball
Madeline Cox Arleo         M. Casey Rodgers
Richard Seeborg

**IN RE: NORADA ENTITIES SECURITIES LITIGATION**          MDL No. 3189

## SCHEDULE A

Central District of California

COGLIETTI, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00684
ZIMON, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00686
RIVERA, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00688
PARKINSON v. SANTARELLI, ET AL., C.A. No. 8:26−00689
FUSSELMAN v. SANTARELLI, ET AL., C.A. No. 8:26−00690
MOSQUERA, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00691
RUMSTEIN, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00693
GRAEF, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00694
MAYFIELD v. SANTARELLI, ET AL., C.A. No. 8:26−00695
SANDERS, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00696
YERKICH, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00698
MCDANIEL, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00699
M'S SECOND SPACE LLC, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00700
BROOKE ASHE INVESTMENTS LLC, ET AL. v. SANTARELLI, ET AL.,
        C.A. No. 8:26−00702
CASITAS HOLDINGS, LLC, ET AL. v. SANTARELLI, ET AL., C.A. No. 8:26−00703

Middle District of Florida

RIVERA, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00770
ZIMON, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00775
COGLIETTI, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00777
PARKINSON v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00779
FUSSELMAN v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00780
MOSQUERA, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00781
RUMSTEIN, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00782
GRAEF, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00783
MAYFIELD v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00784
SANDERS, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No.3:26−00785
YERKICH, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00786
MCDANIEL, ET AL. v. ASPIRE EVENTS LLC, ET AL., C.A. No. 3:26−00787
M'S SECOND SPACE LLC, ET AL. v. ASPIRE EVENTS LLC, ET AL.,
        C.A. No. 3:26−00788
BROOKE ASHE INVESTMENTS LLC, ET AL. v. ASPIRE EVENTS LLC,
ET AL., C.A. No. 3:26−00789
CASITAS HOLDINGS, LLC, ET AL. v. ASPIRE EVENTS LLC, ET AL.,
        C.A. No. 3:26−00790

- A2-

District of Wyoming

TAYLOR, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:25−00062
ZIMON, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00082
RIVERA, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00083
FUSSELMAN v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00084
MOSQUERA, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00085
RUMSTEIN, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00086
GRAEF, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00087
MAYFIELD v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00088
SANDERS, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00089
YERKICH, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00090
M'S SECOND SPACE LLC, ET AL. v. NORADA CAPITAL MANAGEMENT LLC,
ET AL., C.A. No. 2:26−00091
COGLIETTI, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00098
BROOKE ASH INVESTMENTS LLC, ET AL. v. NORADA CAPITAL
MANAGEMENT LLC, ET AL., C.A. No. 2:26−00099
PARKINSON v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00100
MCDANIEL, ET AL. v. NORADA CAPITAL MANAGEMENT LLC, ET AL.,
C.A. No. 2:26−00103